**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003085
27-MAR-2015
09:30 AM**

NO. CAAP-13-0003085

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KURT BOSSHARD, Trustee of the unrecorded
Kurt Bosshard Trust, dated 9/9/99,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
THE THREE STOOGES, LLC. a Hawaiʻi Limited Liability Co.;
GREG L. ALLEN, SR., individually;
GREG L. ALLEN, JR., individually,
Defendants/Counterclaim-Plaintiffs/Appellees,
and
ALLEN FAMILY, LLC, an Arizona Limited Liability Co.,
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellee,
and
MOLOAʻA BAY VENTURES, LLC., a Hawaiʻi Limited Liability Co.,
Defendant/Counterclaim-Plaintiff/Cross-Claim Defendant/Appellee,
and
WALLACE G. REZENTES, JR., in his official capacity as
Director of Finance; COUNTY OF KAUAI,
Defendants/Appellees
and
JOHN DOES 1-25, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0234)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Plaintiff/Counterclaim-Defendant/Appellant Kurt
Bosshard (**Bosshard**), Trustee of the unrecorded Kurt Bosshard
Trust dated September 9, 1999, appeals from the Circuit Court of
the Fifth Circuit's[1] (**circuit court**):

---

[1] The Honorable Kathleen N.A. Watanabe presided.

(1)  August 1, 2013 "Order Approving Report of Commissioner, Granting Defendants The Three Stooges, LLC, Allen Family, LLC, Greg L. Allen, Sr., and Greg L. Allen, Jr.'s Motion for Confirmation of Sale, and Directing Distribution of Proceeds," (**Order Confirming Sale**);

(2) August 1, 2013 "Judgment" on the Order Confirming Sale (**Judgment**); and

(3) August 1, 2013 "Order Denying Plaintiff's Motion for Declaratory Relief as to Counts I and II and Motion for Summary Judgment as to Count II of the Complaint for Foreclosure Filed July 2, 2012," (**Order Denying Motions for Declaratory Relief and Summary Judgment**).

Bosshard contends the circuit court erred by:

(1) entering the Order Confirming Sale because (i) the circuit "court failed to take into account Bosshard's contractual right to receive Lots 4 and 5 pursuant to the Promissory Note and First Mortgage" and (ii) the expungement of Bosshard's "Notice of Pendency of Action, filed July 2, 2012, and recorded July 6, 2012" was unwarranted;

(2) entering its Order Denying Motions for Declaratory Relief and Summary Judgment; and

(3) entering its January 23, 2013 "Order Re: Motion to Allow Credit Bidding by Second Mortgagee" because it "failed to take into account Bosshard's contractual right to receive Lots 4 and 5 pursuant to a Promissory Note and First Mortgage[.]"

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Bosshard's appeal is without merit.

**I.    This court lacks jurisdiction over the Order Denying Motions for Declaratory Relief and Summary Judgment.**

Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellee Allen Family, LLC (**Allen Family**); and Defendants/Counterclaim-Plaintiffs/Appellees Three Stooges, LLC (**Three Stooges**), Greg L. Allen, Sr., and Greg L. Allen, Jr.

2

(collectively the **Allen Entities**) contend that this court lacks jurisdiction over the Order Confirming Sale and the Order Denying Motions for Declaratory Relief and Summary Judgment.

"The general rule is that a judgment is final for the purpose of appeal if it is final not only as to all claims but also as to all parties." Chang v. City and Cnty. of Honolulu, 51 Haw. 137, 139, 453 P.2d 753, 754 (1969). In addition, appeals of "final judgments, orders, or decrees" in civil matters are authorized only when "taken in the manner and within the time provided by the rules of court." Hawaii Revised Statutes (**HRS**) § 641-1(a)&(c) (1993). Under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 58, which provides that "[e]very judgment shall be set forth on a separate document[,]" appeals may be taken from circuit court orders in civil cases "only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties . . . ." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRCP Rule 54(b) "provides an exception to the general rule with reference to any judgment on one or more but less than all of the claims in a multiple-claim action, entered pursuant to express determination that there is no just reason for delay and express direction for entry." Chang, 51 Haw. at 139, 453 P.2d at 754. Therefore, a "judgment entered on an order confirming the sale of the foreclosed property; [shall be final and appealable] if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to [HRCP R]ule 54(b) . . . ." HRS § 667-51(a)(2) (Supp. 2014). Moreover, where parties appeal from an order certified pursuant to HRCP Rule 54(b), "this court will only consider other orders which were preliminary rulings upon which the subject [HRCP Rule 54(b) certified] Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Sur. Life Ins., Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995).

3

In the instant case, neither the circuit court's Order Confirming Sale nor its Order Denying Motions for Declaratory Relief and Summary Judgment disposed of all claims as to all parties. The circuit court's Judgment on the Order Confirming Sale and corresponding judgment are final and appealable, however, because the circuit court certified the Judgment under HRCP Rule 54(b). See HRS § 667-51(a)(2). The circuit court's Order Denying Motions for Declaratory Relief and Summary Judgment is not final and appealable because it was not certified pursuant to HRCP Rule 54(b), and is not a preliminary ruling upon which the Judgment on the Order Confirming Sale was predicated or part of the series of orders that collectively led to the Judgment on the Order Confirming Sale. Cook, 79 Hawai'i at 409, 903 P.2d at 714. In other words, this court lacks appellate jurisdiction over the circuit court's Order Denying Motions for Declaratory Relief and Summary Judgment because the circuit court neither reduced the order to a separate judgment pursuant to HRCP Rule 58 nor certified the Judgment pursuant to HRCP Rule 54(b).

**II. By failing to appeal the Judgment on the Foreclosure Decree, Bosshard forfeited his rights to challenge the circuit court's (1) decision not to award him the hypothetical value of Lots 4 and 5 under the foreclosure claim in Count I and (2) expungement of the lis pendens.**

**A. Lots 4 and 5**

Bosshard contends the circuit court abused its discretion in entering the Order Confirming Sale because it failed to include the value of Lots 4 and 5 in the amount owed to Bosshard for his foreclosure claim pursuant to the Promissory Note (**Note**) and First Mortgage.[2] Bosshard argues that "[p]ursuant to the loan documents, as modified, Bosshard was entitled to receive both Lots 4 and 5 and the principal and

---

[2] The Note was executed on April 18, 2001 in consideration of Bosshard's loan of $1,600,000 to Kapaa 160, LLC (**Kapaa 160**). Also on April 18, 2001, and in order to secure the payment of the Note, Kapaa 160, Defendant/Counterclaim-Plaintiff/Cross-Claim Defendant/Appellee Moloa'a Bay Ventures, LLC (**Moloa'a Bay**), and the Allen Family, as Mortgagors, executed and delivered to Bosshard, as Mortgagee, the First Mortgage on the real property (**the Property**) that is the subject of this case.

4

interest due him pursuant to the Promissory Note and Mortgage."
Bosshard points to the First and Second Loan Modifications and a
Memorandum of Agreement (**MOA**) as evidence of his right to Lots 4
and 5.[3] Bosshard further argues that "[Appellee HG Kauaʻi Joint
Venture, LLC] shall take the foreclosed property subject to the
Lis Pendens filed by" Bosshard because the Allen Family is a
junior lien holder and therefore Bosshard's claims "have clear
priority" over the Allen Family's claims "or any purchaser
claiming by or through Allen Family[.]"

The Allen Entities argue that Bosshard consented to the
terms of the Second Mortgage when he signed Exhibit B,[4] and that
pursuant to terms of the Second Mortgage, Bosshard forfeited his
option to acquire Lots 4 and 5 by instituting foreclosure under
the First Mortgage. The Allen Entities also argue that the
"circuit court's refusal to add the hypothetical value of Lots 4
and 5 to the secured debt was simply not error" because

> even if Bosshard retained an option after he filed the
> foreclosure action, the failure to subdivide and convey Lots
> 4 and 5 was a nonmonetary default that, pursuant to the
> terms of the Note and First Mortgage, entitled him only to
> accelerate the debt and foreclose. Nowhere in the Note,
> First Mortgage, or any of the agreements modifying the Note
> did the parties ever agree that the failure to subdivide and

---

[3] The First Loan Modification was executed on May 17, 2002 by
Bosshard, Kapaa 160, Moloaʻa Bay, and the Allen Family. The First Loan
Modification recited that the Mortgagors were in the process of developing the
Property into the "Kulana Kai Subdivision." Under the First Loan
Modification, Bosshard was given the option to receive Lot 4 (containing
approximately 7.2 acres) and Lot 5 (containing approximately 16 acres) of the
Kulana Kai Subdivision in lieu of certain interest and loan originations fees
due Bosshard under the Note and First Mortgage.

The Second Loan Modification was executed on July 7, 2003 and set
forth applicable interest rates in the scenario that Bosshard took advantage
of his option to receive Lots 4 and 5.

The MOA was executed on September 28, 2009 by Bosshard, Kapaa 160,
the Allen Family, Moloaʻa Bay, Greg L. Allen, Sr., Greg L. Allen, Jr., and the
Three Stooges. The MOA reiterated Bosshard's right to receive Lots 4 and 5,
as set forth in the First and Second Loan Modifications.

[4] On May 22, 2002, Bosshard signed "Exhibit B" to the Second
Mortgage, which provides that Bosshard consented "to placement of Second
Mortgage lien on the property described in Exhibit A attached hereto in
accordance with the terms contained therein." Exhibit A described the
Property and provided that it was conveyed subject to, inter alia, the "[f]ree
flowage of a stream," a dirt road, several easements for utilities, a setback
"for future road widening purposes," and the First Mortgage.

convey Lots 4 and 5 would <u>increase</u> the amount of
indebtedness secured by the Property.

The Allen Entities further contend that Bosshard's
failure to appeal from the circuit court's November 26, 2012
"Findings of Fact, Conclusions of Law and Order Granting
Plaintiff's Motion for Summary Judgment and Decree of Foreclosure
as to Count I of the Complaint for Foreclosure, filed July 2,
2012" (**Foreclosure Decree**) precludes his appeal of the Order
Confirming Sale. The Allen Entities argue that if Bosshard
believed that the circuit court erred "by failing to increase the
debt [owed to Bosshard] by the hypothetical value of Lots 4 and
5, . . . he was required to appeal from the Foreclosure Decree,
which finally determined that amount, and not from the subsequent
orders confirming sale or denying him summary judgment."

Appeals may be taken from post-foreclosure decree
orders, but "appellate jurisdiction is limited to the 'errors
unique to' these orders." <u>Independence Mortg. Trust v. Dolphin,
Inc.</u>, 57 Haw. 554, 556, 560 P.2d 488, 490 (1977) (quoting <u>Powers
v. Ellis</u>, 55 Haw. 414, 417, 520 P.2d 431, 433 (1974)).

This court does not have jurisdiction over Bosshard's
appeal with regard to his contentions of error relative to Lots 4
and 5 because the alleged error is not unique to the Order
Confirming Sale. The Foreclosure Decree and the Order Confirming
Sale used the same calculation to determine the amount owed to
Bosshard under the Note and First Mortgage, and the Foreclosure
Decree was a final appealable judgment pursuant to HRCP Rule
54(b) that the parties had thirty days to appeal under Hawai'i
Rules of Appellate Procedure Rule 4(a)(1).

The Foreclosure Decree found that as of August 19,
2012, the Allen Entities owed Bosshard $3,488,193.73, which
included "advances of $89,426.25 and accrued interest on the
advances in the amount of $29,236.21." The Foreclosure Decree
concluded that interest would continue to accrue on the "Note at
the rate of 12% per annum . . . together with costs of
litigation, attorney's fees, and all other costs or expenses."

The Order Confirming Sale ordered that as of June 19, 2013, the Allen Entities owed Bosshard $3,779,663.31 for principal and interest under the Note and First Mortgage, plus advances of $1,408.50, and that interest would continue to accrue on the Note until closing. The Order Confirming Sale merely confirmed the Foreclosure Decree's findings with regard to the amount owed to Bosshard and thus Bosshard forfeited his right to challenge the circuit court's decision not to award him the value of Lots 4 and 5 under the foreclosure claim in Count I when he failed to appeal the Judgment on the Foreclosure Decree.

**B.   Lis pendens**

The Order Confirming Sale ordered Bosshard's Notice of Pendency of Action, also known as a "lis pendens," to be "released or expunged" upon the closing of the foreclosure sale of the real property that is the subject of this case. Bosshard's contention that the circuit court abused its discretion in expunging the lis pendens is without merit because the Foreclosure Decree effectively expunged the lis pendens[5] and therefore Bosshard forfeited his right to challenge the expungement when he failed to appeal the Foreclosure Decree. See Independence Mortg. Trust, 57 Haw. at 556, 560 P.2d at 490.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the Fifth Circuit's August 1, 2013 "Order Approving Report of Commissioner, Granting Defendants The Three Stooges, LLC, Allen Family, LLC, Greg L. Allen, Sr., and Greg L. Allen, Jr.'s Motion for Confirmation of Sale, and Directing Distribution of Proceeds" and August 1, 2013 "Judgment" are affirmed. This court has no jurisdiction as to the Circuit Court of the Fifth Circuit's August 1, 2013 "Order Denying Plaintiff's Motion for Declaratory

---

[5]   The Foreclosure Decree found that Bosshard was entitled to have the Property sold "free and clear of the claims of the Defendants and all other parties herein[.]" After a notice of pendency of action is recorded with the Bureau of Conveyances pursuant to HRS § 634-51 (Supp. 2014), "a person who becomes a purchaser or encumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action[.]"

Relief as to Counts I and II and Motion for Summary Judgment as to Count II of the Complaint for Foreclosure, filed July 2, 2012."

DATED: Honolulu, Hawai'i, March 27, 2015.

On the briefs:

Harold Bronstein
for Plaintiff/Counterclaim-
Defendant/Appellant Kurt
Bosshard, Trustee of the
unrecorded Kurt Bosshard Trust
dated 9/9/99.

Deborah K. Wright
Keith D. Kirschbraun
Douglas R. Wright
(Wright & Kirschbraun)
for Defendant/Counterclaim-
Plaintiff/Cross-Claim
Defendant/Appellee Moloa'a Bay
Ventures, LLC.

Patrick J. Childs
and
Corey Y.S. Park
for Defendant/Counterclaim-
Plaintiff/Cross-Claim
Plaintiff/Appellee Allen
Family, LLC, and
Defendants/Counterclaim-
Plaintiffs/Appellees
Three Stooges, LLC; Greg L.
Allen, Sr., individually;
Greg L. Allen, Jr.,
individually.

Jade Lynne Ching
Pamela W. Bunn
(Alston Hunt Floyd & Ing)
for Third-Party
Purchaser/Appellee HG Kauai
Joint Venture, LLC.

Presiding Judge

Associate Judge

Associate Judge

8